WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Powell N Around LLC,<br><br>    Petitioner,<br><br>v.<br><br>Preston Parson,<br><br>    Claimant. | No. CV-18-08205-PCT-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner's Motion for Default Judgment. (Doc. 15). This is a statutory proceeding brought in admiralty concerning a fire on a ship. The Motion is made on the basis of Fed. R. Civ. P. 55 and Rules F(4) and F(5) of the Supplemental Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Petitioner moves for Judgment in its favor against all non-appearing claimants, as no individuals filed claims in this matter within the time period prescribed by the Supplemental Rules.

**I.   Background**

On June 12, 2018, the M/V Powell N Around ("Vessel") was conducting refueling operations at Lake Powell, near Page, Arizona, at a fuel dock operated by Antelope Point Marina. (Doc. 1). During the refueling operation, the Vessel caught fire. Petitioner alleges that the fire may have given rise to claims by a service attendant, Preston Parson, who was present during the fire. (*Id.*) On August 29, 2018, Petitioner filed its Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30501, *et seq.*, and

| | |
|---|---|
| 1 | Rule F of the Supplemental Rules. (Doc. 1). Federal District Courts have exclusive |
| 2 | jurisdiction over cases arising under Supplemental Rule F. *Newton v. Shipman*, 718 F.2d |
| 3 | 959, 962 (9th Cir. 1983). |
| 4 | On November 19, 2018, pursuant to the procedures mandated in the Supplemental |
| 5 | Rules, the Court issued an Order directing the Clerk of Court to issue a "Monition: Notice |
| 6 | to Claimants," which directed that "[a]ll Claimants shall file their respective claims with |
| 7 | the Clerk of this Court at the United States Courthouse, Phoenix, Arizona, in writing and |
| 8 | under oath, and serve a copy thereof on the attorneys for Plaintiffs, on or before February |
| 9 | 20, 2019, or be defaulted." (Doc. 9). That Order also required Petitioner to publish the |
| 10 | Monition in the Lake Powell Chronicle, a newspaper of general circulation, in accordance |
| 11 | with Supplemental Admiralty Rule F(4). The Court also ordered that "Petitioner shall mail |
| 12 | a copy of this Order to every person and entity known to have asserted any claim against |
| 13 | Petitioner or the Vessel, arising out of, resulting from, or in any manner connected with, |
| 14 | that which the Complaint in this action seeks exoneration from, or limitation of, liability, |
| 15 | to their last known address along with a copy to their employer at the marina where the |
| 16 | incident occurred." (*Id.*) No claims were received by the Court. On March 25, 2019, the |
| 17 | Clerk of Court entered default against all non-appearing claimants. (Doc. 14). Petitioner |
| 18 | now seeks an entry of Default Judgment. |

**II.    Default Judgment**

Entry of default judgment is within the court's discretion. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Upon entry of default, the factual allegations in the plaintiff's complaint, except those relating to damages, are deemed admitted. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987). For cases brought pursuant to the Supplemental Rules of Civil Procedure, default judgment will be entered against all non-appearing claimants, so long as the petitioners have fulfilled "[their] obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly states the deadlines for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing

a claim and/or answer." *In the Matter of X-treme Parasail, Inc.*, 2011 WL 4572448, at *1 (D. Haw. Sept. 12, 2011); *See also* Supplemental Rule F. In limitation of liability matters, "courts regularly grant a default judgment against claimants who do not answer." *Matter of Duley*, 2017 WL 8180609, at *2 (C.D. Cal. July 11, 2017).

### III. Analysis

Petitioner has established that the Monition was published in the Lake Powell Chronicle, a newspaper of general circulation, for four consecutive issues beginning on January 9, 2019. (Doc. 11). Moreover, the Monition and Court Order were mailed to all potential claimants, including Mr. Parson and his employer. (Doc. 10). The Monition clearly stated that potential claimants had the obligation to file claims by February 20, 2019, or be defaulted. (Doc. 11) No potential claimant, individual or entity, filed an Answer or claim in this action by February 20, 2019, nor has any claimant appeared in this action in the nine months since the deadline passed. The Court finds that Petitioner fulfilled its obligations under the Supplemental Rules. Moreover, Petitioner will be prejudiced if this case remains unresolved. As referenced above, no claimants have responded to the Monition or the Application for Default or Motion for Default Judgment. Petitioner has no alternative means by which to resolve this matter and would indefinitely suffer prejudice without the availability of default judgment. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Therefore, Plaintiff's Motion will be granted and this matter will be closed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Default Judgment (Doc. 15) is **granted.** Pursuant to Supplemental Rule F, Petitioner is exonerated from liability on all claims arising out of the incident involving the Vessel described herein.

…

…

…

…

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this matter.

Dated this 5th day of December, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge